# NO. 12-22-00180-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REGINALD MONTRELIA WICKWARE, APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

## *PER CURIAM ORDER*

Reginald Montrelia Wickware appeals from his conviction for aggravated sexual assault of a child. According to the case information sheet from the Smith County District Clerk's Office, Appellant was found indigent in the trial court. Although the trial court appointed counsel to represent Appellant on appeal, Appellant retained counsel. In his letter requesting preparation of the reporter's record, Appellant's retained counsel, Niles Illich, stated, "Defendant will make arrangements with the court reporter to pay the court reporter's fee." The reporter's record was originally due on October 20. On January 9, 2023, the reporter filed a fourth motion for extension of time to file the record, in which she informed this Court that the delay in filing the record is due to non-payment of the required preparation fee. *See* TEX. R. APP. P. 35.3(b)(3). In response, Illich explained that the trial court initially appointed counsel, but Appellant's family retained Illich and Appellant remains indigent. On January 18, the reporter filed a fifth motion for extension, in which she again explained the need for more time to prepare the record due to payment issues. She attached an email to her motion, in which the trial court coordinator stated that Appellant would have to pay for his own record.

If an appellant is unable to pay for the appellate record, he may, by motion and affidavit, ask the trial court to furnish the record without charge. TEX. R. APP. P. 20.2. For purposes of qualifying as indigent to receive a free copy of the appellate record, a defendant must be unable

to pay or give security for the record. ***McFatridge v. State***, 309 S.W.3d 1, 5 (Tex. Crim. App. 2010). Indigency determinations are made when raised and are decided on a case-by-case basis. ***Id***. "Determining indigency for purposes of appointing counsel and indigency for purposes of obtaining a free record are discrete inquiries[.]" ***Id***. at 5-6. "A defendant can be found indigent for one purpose without being found indigent for the other." ***Id***. at 6.

Here, the clerk's record does not reflect that Appellant filed a motion requesting a free appellate record or that the trial court found Appellant indigent for purposes of obtaining a free record. Accordingly,

It is ORDERED that the Honorable Austin R. Jackson shall conduct a hearing, **on or before February 2, 2023**, and make written findings of fact and conclusions of law as to whether (1) Appellant is indigent and entitled to a copy of the reporter's record without charge, and (2) if Appellant is not so entitled, the date he will make acceptable payment arrangements for the reporter's record.[1]

It is FURTHER ORDERED that a supplemental clerk's record including any necessary findings of fact and conclusions of law, along with any supporting documentation and orders, be certified to this Court **on or before February 9, 2023**.

It is FURTHER ORDERED that the court reporter file a reporter's record of the hearing **on or before February 9, 2023**.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 20th day of January 2023, A.D.



By: _Katrina McClenny_
KATRINA MCCLENNY, CLERK

---

[1] *See* TEX. R. APP. P. 37.3(a)(2) (if reporter's record has not been timely filed, appellate court must make whatever order is appropriate to avoid further delay and to preserve parties' rights); *see also* **Goley v. State**, No. 07-18-00145-CR, 2018 WL 3766796, at *1-2 (Tex. App.—Amarillo Aug. 8, 2018, order) (per curiam) (where appellant was declared indigent and appointed counsel, but later retained counsel, appellate court remanded for trial court to consider whether appellant was entitled to free reporter's record).